11-3674-cv
Daniels v. 1710 Realty

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve.

Present:    ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
_____

JOSEPH DANIELS,

                    *Plaintiff-Appellant*,

            -v-                                          11-3674-cv

1710 REALTY LLC, 1710 REALTY ASSOCIATES,

                    *Defendant-Appellee*.
_____

Appearing for Appellant:    Abdul Karim Hassan, Queens Village, NY.

Appearing for Appellee:     Patrick M. Collins, McCarter & English LLP (M. Christopher
                            Moon, *on the brief*), New York, NY.

Appeal from the United States District Court for the Eastern District of New York  (Reyes, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Joseph Daniels appeals from the August 17, 2011 findings of fact and conclusions of law by the United States District Court for the Eastern District of New York (Reyes, *M.J.*) dismissing his action, brought pursuant to the Fair Labor Standards Act ("FLSA"), for unpaid minimum and overtime wages, and dismissing without prejudice his claims brought under N.Y. Labor Law § 191.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Following a bench trial, we set aside findings of fact only when they are clearly erroneous, and we give due regard to the trial court's credibility determinations." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006) (citation omitted).  "The 'clearly erroneous' standard applies whether the findings are based on witness testimony, or on documentary evidence, or on inferences from other facts."  *Diesel Props S.r.l v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).  "It is within the province of the district court as the trier of fact to decide whose testimony should be credited." *Id.* (citations omitted) "The court is also entitled, just as a jury would be to believe some parts and disbelieve other parts of the testimony of any given witness. We are not allowed to second-guess the court's credibility assessments." *Id.* (citation omitted). "Further, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (citation omitted).  "The fact that there may have been evidence to support an inference contrary to that drawn by the trial court does not mean that the findings made are clearly erroneous."  *Id.* (citation omitted).  Conclusions of law are reviewed de novo.  *Id.* at 51.

The parties agree that 1710 Realty failed to keep records of the hours Daniels worked. The parties also agree that the burden-shifting analysis set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), applies.  Thus, where the employer failed to keep accurate records, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687.  The employee's burden "is not high," such "that it is possible for a plaintiff to meet this burden through estimates based on his own recollection."  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). Once an employee satisfies his burden, the employer may rebut with "evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Anderson*, 328 U.S. at 687-88.

Daniels' primary contention on appeal is that the district court erred in failing to properly credit his testimony regarding the overtime hours he allegedly worked.  We find no error in the district court's analysis. While Daniels is correct that a plaintiff's burden under *Anderson* is

minimal, there must be at least some credible evidence that he performed overtime work. *See Grochowski v. Phoenix Constr*., 318 F.3d 80, 88–89 (2d Cir. 2003) (testimony that plaintiffs "'usually' worked" certain hours and did not know if they worked all Saturdays was "only speculation to establish what hours these plaintiffs worked" and did not "present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees"). At bottom, the district court simply found Daniels' testimony too vague to be credible – a finding well supported by even a cursory reading of Daniels' testimony at trial.

Moreover, Daniels relies on *Kuebel* to argue that the district court failed to engage in a required "fault" analysis to determine whether the fact that defendant did not know Daniels worked on weekends was due to its improper record keeping. That reliance is misplaced. In *Kuebel*, the plaintiff argued that his employers knew he was working more than 40 hours a week, but instructed him to not record more than 40 hours a week. 643 F.3d at 356. Nothing in *Kuebel* changed the rule that "[t]o establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Id.* at 361. It is only "once an employer knows or has reason to know that an employee is working overtime" that the employer "cannot deny compensation simply because the employee failed to properly record or claim his overtime hours." *Id.* at 362. Nothing in the record indicates the district court's finding that 1710 Realty was unaware that Daniels worked Saturdays and Sundays was clearly erroneous.

We have examined the remainder of plaintiff's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3